This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. A-1-CA-35459**

**THOMAS GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Eran Sharon, Assistant Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett, P.C.
L. Helen Bennett
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

**{1}** Defendant Thomas Garcia appeals his convictions of two counts of fourth degree criminal sexual penetration, contrary to NMSA 1978, Section 30-9-11(G)(1) (2009) (CSP IV). Defendant raises two arguments. He contends that the district court committed reversible error by instructing the jury on the uncharged offense of CSP IV and that Defendant's two CSP IV convictions violated his constitutional protection against double jeopardy. We hold that the jury was properly instructed and that one of Defendant's convictions for CSP IV must be vacated because Defendant's right to be free from double jeopardy was violated.

**BACKGROUND**

**{2}** Victim and her younger sister were babysat by their older sister, K.M., while their mother worked an overnight shift. K.M. lived in an apartment with her boyfriend, Casey Valdez. Defendant is a cousin to Mr. Valdez and was visiting. The group spent the evening together and eventually settled in to watch movies. After K.M. and Mr. Valdez went to sleep in the bedroom, Defendant engaged in sexual activity with Victim, who was then thirteen years of age.

**{3}** As a result of the incident with Victim, Defendant was charged with two counts of criminal sexual penetration in the second degree, contrary to Section 30-9-11(E)(1) (CSP II). In relevant part, the grand jury indictment mistakenly referenced Section 30-9-11(F), rather than Section 30-9-11(E)(1). As acknowledged by Defendant, that error

is not legally relevant and does not form the basis of a challenge by Defendant. *See* Rule 5-204(A) NMRA (stating that an error or imperfection in an indictment that "does not prejudice the substantial rights of the defendant upon the merits" shall not invalidate the indictment or affect the trial or judgment). Our reference will be to Section 30-9-11(E)(1). At trial, after the State concluded its presentation of evidence but prior to formally resting, the State moved to "include the lesser[]included offense of [CSP IV]." Over the objection of Defendant, the district court instructed the jury on two counts of CSP IV as lesser included charges to the two charged counts of CSP II. The jury convicted Defendant of two counts of CSP IV. Additional facts will be provided as necessary in the discussion of the issues.

**Lesser Included Charge Instruction Was Appropriate**

{4}     Defendant contends that the CSP IV jury instruction was improper because it "violat[ed Defendant]'s substantive right to mount a defense to the charges as set forth by the grand jury," in that Defendant was "not . . . on notice that he would have to prepare a defense to the claim that, even if [Victim] voluntarily consented to the [sexual] acts . . ., she was between the ages of thirteen and eighteen when [the incident] occurred." This argument appears to be grounded in the contention that it was error for the district court to determine that CSP IV was a lesser included charge of CSP II.

**{5}** Defendant appears to argue that the district court improperly applied Rule 5-204(C) when it instructed the jury on the charge of CSP IV. Our review of the record reflects that, although there was some initial ambiguity to the State's request, the district court concluded that it would "allow [the charge of CSP IV] to go to the jury as an included offense." Whether the district court committed error by instructing the jury on CSP IV as "an uncharged lesser included offense [of CSP II] is a question of law[,] which we review de novo." *State v. Collins*, 2005-NMCA-044, ¶ 8, 137 N.M. 353, 110 P.3d 1090, *overruled on other grounds by State v. Willie*, 2009-NMSC-037, ¶ 18, 146 N.M. 481, 212 P.3d 369.

**{6}** A request by the state for a jury instruction on a lesser included charge implicates a defendant's due process right to notice of the crime against which he must defend. *See State v. Meadors*, 1995-NMSC-073, ¶ 5, 121 N.M. 38, 908 P.2d 731. "It is improper to instruct the jury as to a crime not formally charged if that crime is not a lesser included offense of the crime formally charged." *State v. Johnson*, 1985-NMCA-074, ¶ 26, 103 N.M. 364, 707 P.2d 1174. "When one offense is a lesser included offense of a crime named in a charging document, the defendant is put on notice that he . . . must defend not only against the greater offense as charged but also against any lesser included offense." *State v. Montoya*, 2015-NMSC-010, ¶ 43, 345 P.3d 1056 (internal quotation marks and citation omitted). "A lesser[]included offense

4

is a less serious crime than the one charged, but one that an accused necessarily committed in carrying out the more serious crime." *Id.* ¶ 39 (internal quotation marks and citation omitted).

**{7}** In *Meadors*, our Supreme Court articulated the analytical framework that we apply to determine whether a crime is a lesser included offense. *See* 1995-NMSC-073, ¶¶ 6, 10-12, 18. When, as here, the State requests an instruction on a lesser included offense, "the [district] court should . . . grant the request when the statutory elements of the lesser crime are a subset of the statutory elements of the charged crime." *Id.* ¶ 12. This inquiry into the relationship between the elements of the lesser and greater crimes is known as the "strict elements test." *Id.* ¶¶ 6, 12. If one statute is not subsumed within the other, the strict elements test is not satisfied. We then apply the cognate approach for further analysis. *Id.* ¶ 12.

**{8}** Under the cognate approach, the request for a lesser included instruction should be granted if:

> (1) the defendant could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense, and therefore notice of the greater offense necessarily incorporates notice of the lesser offense; (2) the evidence adduced at trial is sufficient to sustain a conviction on the lesser offense; and (3) the elements that distinguish the lesser and greater offenses are sufficiently in dispute such that a jury rationally could acquit on the greater offense and convict on the lesser.

*Id.* In applying the cognate approach, the district court "examine[s] not only the offense alleged in the charging instrument but also the evidence adduced at trial." *Id.* ¶ 11 (internal quotation marks and citation omitted). Put another way, for an offense to be "necessarily included [under the cognate approach], the greater offense cannot be committed *under the facts of the case as alleged in the charging document and supported by the evidence* without also committing the lesser offense." *Id.* ¶ 10 (alteration, internal quotation marks, and citation omitted).

{9}    Last, in *Meadors* our Supreme Court emphasized that when the state requests a lesser included offense instruction, the district court should perform "an independent analysis of the notice issue [and, i]f the judge determines for any reason that under the circumstances of th[e] case" the notice provided to the defendant was constitutionally inadequate, the trial court should deny the request. 1995-NMSC-073, ¶ 18.

**Strict Elements Test**

{10}    Our application of the strict elements test requires the comparison of the two statutory provisions at issue. Defendant was indicted under Section 30-9-11(E)(1), which provides, in relevant part, that "[c]riminal sexual penetration in the second degree consists of all criminal sexual penetration perpetrated . . . by the use of force or coercion on a child thirteen to eighteen years of age." The State requested jury instructions based on Section 30-9-11(G)(1), which provides, in relevant part, that

6

"[c]riminal sexual penetration in the fourth degree consists of all criminal sexual penetration . . . perpetrated on a child thirteen to sixteen years of age when the perpetrator is at least eighteen years of age and is at least four years older than the child and not the spouse of that child." These statutes are not nested because, in the abstract, the greater crime can be committed without committing the lesser crime. *Compare* § 30-9-11(E)(1) (punishing, as a second degree felony, criminal sexual penetration where the victim is thirteen to eighteen years of age, without reference to the age of the perpetrator, and without reference to the age differential between the victim and the perpetrator), *with* § 30-9-11(G)(1) (requiring, for punishment as a fourth degree felony, that the victim not be older than sixteen years of age, that the perpetrator be at least eighteen years of age, and that the age differential between the perpetrator and the victim be at least four years). Accordingly, the statutory elements test is not met. *See State v. Munoz*, 2004-NMCA-103, ¶ 13, 136 N.M. 235, 96 P.3d 796 ("Under the strict elements test, if it is possible, considering the statutory elements of the charged offense *in the abstract*, to hypothesize a manner of committing the greater offense without also committing the lesser offense, then the lesser offense is not necessarily included in the greater."). We therefore proceed to analyze the issue under the cognate approach.

7

{11}     Our initial consideration is whether Defendant "could not have committed the greater offense in the manner described in the charging document without also committing the lesser offense." *Meadors*, 1995-NMSC-073, ¶ 12. The State alleged in the indictment that Victim was between thirteen and eighteen years of age. At trial, testimony was presented that Victim was, in fact, thirteen years old. Testimony was also presented that Defendant was made aware of Victim's age just after the sexual activity. Thus, the indictment contemplated that Victim was between the ages of thirteen and sixteen, as required under CSP IV, and the evidence at trial established that she was thirteen years of age at the time of the incident. The other aspects of the lesser offense that are not subsumed within the greater charge—that Defendant was at least eighteen years of age and four years older than Victim—relate to Defendant's age. The indictment does not refer to Defendant's age. However, testimony presented at trial indicated that Defendant was thirty-one years of age at the time of the incident, and, moreover, there is nothing in the record to suggest otherwise. Thus, we conclude from the allegations in the indictment and the evidence presented at trial that Defendant could not have committed the charged crime of CSP II without also committing the crime of CSP IV. *See id.* ¶¶ 16-17, 19-20 (stating that the cognate approach to determining whether one criminal offense is a lesser included offense of another "looks to the evidence adduced at trial to help interpret the applicability of

8

those elements set out in the instrument"). Turning to the second and third factors from *Meadors*, we conclude that the evidence adduced at trial was sufficient to sustain the conviction for CSP IV and that the issue of force was sufficiently in dispute that a reasonable jury could have acquitted Defendant of CSP II while convicting him of CSP IV. Accordingly, we conclude under the specific facts of this case that the district court did not commit error by instructing the jury on CSP IV as a lesser included charge of CSP II.

**Defendant Was Put on Notice of the Lesser Included Offense**

{12}    Given the notice concerns raised by a request from the State for a lesser included offense instruction, we turn to review whether Defendant received constitutionally adequate notice of the lesser offense. *See State v. Villa*, 2004-NMSC-031, ¶ 12, 136 N.M. 367, 98 P.3d 1017 (emphasizing that "when ruling on a motion by the [s]tate to instruct the jury on a lesser[]included offense, the [district] court should conduct an independent inquiry to determine whether the defendant has received constitutionally adequate notice of the lesser offense"); *Meadors*, 1995-NMSC-073, ¶ 18 ("If [upon conducting an independent analysis of the notice issue] the judge determines for any reason that under the circumstances of that case a defendant has not received constitutionally adequate notice of a lesser offense, then the judge should deny the instruction."). We observe that, prior to trial, Defendant was

aware of the age of Victim, his own age, and, as a consequence, the age differential between Victim and himself. Furthermore, it was a significant aspect of Defendant's theory of the case that Victim participated in the sexual activity of her own volition—that is, without force or coercion—so we cannot say that a charge predicated on sexual activity with Victim that was neither forced nor coerced was a surprise. We also observe that Defendant did not suggest during his objection at trial to the CSP IV instruction or on appeal that he could have challenged Victim's age, his age, or that the sexual activity occurred. *See State v. Hernandez*, 1999-NMCA-105, ¶ 30, 127 N.M. 769, 987 P.2d 1156 (concluding that the defendant's right to notice of the charges against him was violated where the jury was instructed on an uncharged lesser included offense where the defendant contended that he "would have put on specific evidence" that contradicted the evidence offered by the state to prove uncharged elements of the lesser charge). The notice Defendant received that he faced liability for CSP IV was constitutionally adequate. Accordingly, our review of the "independent analysis [by the district court] of the notice issue[,]" indicates that Defendant's constitutional rights were not violated by facing liability for CSP IV and has not undermined this Court's conclusion that CSP IV was a lesser included charge of CSP II under the specific circumstances of this case. *Meadors*, 1995-NMSC-073, ¶ 18.

**Double Jeopardy**

**{13}** Defendant argues that his convictions for two counts of CSP IV violated double jeopardy under the facts of this case. Defendant was convicted for two violations of the same statute based on the same course of conduct, which raises a unit of prosecution issue. *See Swafford v. State*, 1991-NMSC-043, ¶ 8, 112 N.M. 3, 810 P.2d 1223 (stating that unit of prosecution double jeopardy issues arise when "the defendant has been charged with multiple violations of a single statute based on a single course of conduct"). Our review is de novo. *See State v. Swick*, 2012-NMSC-018, ¶ 10, 279 P.3d 747 ("A double jeopardy challenge is a constitutional question of law which we review de novo.").

**{14}** In a unit of prosecution case, "[t]he relevant inquiry . . . is whether the [L]egislature intended punishment for the entire course of conduct or for each discrete act." *Swafford*, 1991-NMSC-043, ¶ 8. Such cases "are subject to a two-step analysis that courts utilize to discern legislative intent." *State v. Bernard*, 2015-NMCA-089, ¶ 17, 355 P.3d 831. We first "analyze the statute at issue to determine whether the Legislature has defined the unit of prosecution." *Swick*, 2012-NMSC-018, ¶ 33. If the unit of prosecution is clear from the analysis of the language of the statute, we need not inquire further. *See id.* If not, we proceed to "determine whether a defendant's acts

11

are separated by sufficient indicia of distinctness to justify multiple punishments." *Id.* (internal quotation marks and citation omitted).

{15} Our analysis of whether acts punished under Section 30-9-11 are sufficiently distinct to justify multiple punishments is informed by the following six factors:

> (1) temporal proximity of penetrations (the greater the interval between acts the greater the likelihood of separate offenses); (2) location of the victim during each penetration (movement or repositioning of the victim between penetrations tends to show separate offenses); (3) existence of an intervening event; (4) sequencing of penetrations (serial penetrations of different orifices, as opposed to repeated penetrations of the same orifice, tend to establish separate offenses); (5) [the] defendant's intent as evidenced by his conduct and utterances; and (6) number of victims[.]

*Herron v. State*, 1991-NMSC-012, ¶ 15, 111 N.M. 357, 805 P.2d 624. This analysis "amounts to a canon of construction designed to ascertain legislative intent." *Bernard*, 2015-NMCA-089, ¶ 22 (internal quotation marks and citation omitted). In the absence of "a clear indication of legislative intent, we apply . . . a presumption against imposing multiple punishments for acts that are not sufficiently distinct"—in other words, we apply the rule of lenity. *State v. DeGraff*, 2006-NMSC-011, ¶ 32, 139 N.M. 211, 131 P.3d 61.

{16} Turning to this case, the unit of prosecution is not spelled out in the statute at issue. *See Herron*, 1991-NMSC-012, ¶ 8 (concluding that Section 30-9-11 "does not indicate unambiguously whether the [L]egislature intended . . . to create a separate offense for each penetration occurring during a continuous sexual assault"). Thus, we

12

look for indicia of distinctness, indulging all presumptions in favor of the verdict in reviewing the relevant facts. *See State v. McClendon*, 2001-NMSC-023, ¶ 5, 130 N.M. 551, 28 P.3d 1092 ("In reviewing the facts of the case to determine if each penetration is distinct from the others, we must indulge in all presumptions in favor of the verdict." (internal quotation marks and citation omitted)). Defendant was convicted of CSP IV by insertion of his finger into the vulva or vagina of Victim. We first note that the State does not analyze this case through the prism of the six *Herron* factors, which puts the State at a disadvantage. The first factor we must examine is the temporal proximity of the penetrations. The most favorable testimony to the State was provided by Victim, who testified on this issue as follows:

> [Victim]: His face was between my legs and his hands were on my thighs.
>
> [Prosecutor]: What was he doing with his face?
>
> [Victim]: With his face he was licking me.
>
> . . . .
>
> [Prosecutor]: And what about his hands? What were his hands doing?
>
> [Victim]: His hands, they were like pushing my legs open, like holding them open.
>
> [Prosecutor]: Did his hands do anything else?
>
> [Victim]: They were touching my vagina.

13

Thus, even when the facts are viewed favorably to the verdict, the acts of penetration and cunnilingus appear to have been very close in time. Moreover, there is no indication that Defendant moved or repositioned Victim, that there was an intervening event, or that any of the other factors were implicated. *See Herron*, 1991-NMSC-012, ¶ 15 (establishing a six-factor analysis to determine whether a defendant's acts were sufficiently distinct to justify multiple punishments). We conclude that Defendant's acts were not separated by sufficient indicia of distinctness to justify two convictions for violation of Section 30-9-11(G)(1). *See Swick*, 2012-NMSC-018, ¶ 33 (stating that "a defendant's acts [must be] separated by sufficient indicia of distinctness to justify multiple punishments" (internal quotation marks and citation omitted)); *McClendon*, 2001-NMSC-023, ¶ 8 (holding that the defendant's two convictions for fellatio did not violate the defendant's right to be free from double jeopardy where there were significant intervening acts between the two instances, and there was "a sufficient time interval between the acts" such that the *McClendon* Court concluded that "the two acts of fellatio were sufficiently distinct in both time and location").

**CONCLUSION**

{17}     The district court properly instructed the jury on the CSP IV charges as lesser included charges of CSP II and we therefore affirm. We further hold Defendant's right

to be free from double jeopardy was violated. As a result, one of Defendant's two convictions for CSP IV must be vacated.

{18}    **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**DANIEL J. GALLEGOS, Judge**